Anand NARAYAN;  et al., Petitioners,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72805.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suit-

Jagdip Singh Sekhon, Sekhon & Sekhon, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Anand Narayan, Catherine Narayan, and their children, Derrick Narayan and Deran Narayan, are natives and citizens of Fiji. Petitioners petition for review of the Board of Immigration Appeals' ("BIA") opinion which affirmed the Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252.

"Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *See Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). We review for substantial evidence an adverse credibility determination. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001). We deny the petition.

The IJ offered at least one specific, cogent reason for his credibility determination based on discrepancies regarding the circumstances of the May 2000 rob-

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

bery. Because this goes to the heart of petitioners' claim, substantial evidence supports the adverse credibility determination. *See id.; see also Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004) (this court is bound to accept the IJ's adverse credibility finding so long as one of the IJ's identified grounds is supported by substantial evidence and goes to the heart of the petitioner's claim of persecution).

■ Because petitioners' did not establish eligibility for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

■ Petitioners waived their claim for CAT relief by failing to raise any arguments challenging the IJ's denial of this claim in their opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**